**UNITED STATES DISTRICT COURT**

**DISTRICT OF IDAHO**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. 4:20-cr-00136-BLW |
| | ) |
| Plaintiff, | ) **CHANGE OF PLEA** |
| | ) |
| vs. | ) |
| | ) |
| ANDREW JOHN JEMMETT, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**TRANSCRIPT OF PROCEEDINGS**
**BEFORE THE HONORABLE B. LYNN WINMILL**
**WEDNESDAY, NOVEMBER 4, 2020; 2:33 P.M.**
**POCATELLO, IDAHO**

**FOR PLAINTIFF**
     John C. Shirts
     US ATTORNEY'S OFFICE
     801 E. Sherman, #192
     Pocatello, ID 83201

**FOR DEFENDANT**
     Bryan J. Wheat
     FEDERAL DEFENDER SERVICES OF IDAHO, INC.
     757 N. 7th Avenue
     Pocatello, ID 83201

Proceedings recorded by mechanical stenography, transcript produced by computer.
_____

**TAMARA I. HOHENLEITNER, CSR 619, CRR**
FEDERAL OFFICIAL COURT REPORTER
550 WEST FORT STREET, BOISE, IDAHO  83724

```
 1                    P R O C E E D I N G S

 2                    November 4, 2020

 3          THE CLERK:  The Court will now hear Criminal Case

 4    20-136, United States of America vs. Andrew John Jemmett, for a

 5    change of plea hearing.

 6          THE COURT:  Good afternoon, Counsel.

 7          I apologize, but I'm going to need just a moment to

 8    log in here.

 9          The defendant, Andrew John Jemmett, is before the

10    Court to plead guilty to Count 1 of the indictment.  The

11    defendant has entered into an agreement with the government to

12    plead guilty to Count 1 of the indictment charging him with

13    sexual exploitation of a minor child.  There is also an

14    agreement to admit the asset forfeiture allegation in the

15    indictment.

16          And in exchange for the defendant's plea of guilty,

17    the government has agreed that it will not bring additional

18    charges related to the facts of Count 1 and will also recommend

19    a sentence within the guideline range.

20          Counsel, do I have the terms of the plea agreement

21    correct?

22          MR. SHIRTS:  Yes, Your Honor.

23          MR. WHEAT:  Yes, Your Honor.

24          THE COURT:  All right.  Counsel, I understand that the

25    parents of the victim would like to exercise their right to be
```

1    heard today.  It is a little unusual; usually at sentencing is

2    where this might occur.  But we checked the statute, and it does

3    provide that victims -- and in this case, the parents of a minor

4    victim -- would have the right to be heard at all stages in the

5    proceedings, including at a change of plea.

6           Mr. Shirts, can you kind of enlighten me.  Do the --

7    does the victim's parents still wish to be heard?

8           MR. SHIRTS:  They do, Your Honor.  I know at least one

9    of them would like to be heard, and they are back here in the

10   courtroom.

11          THE COURT:  All right.  Do you want to do that now

12   or -- we have a microphone set up there.  They could just simply

13   stand there and make any statement they wish.

14          MR. SHIRTS:  Yes, Your Honor.  I think now would be

15   appropriate.

16          THE COURT:  All right.  So if you'd come forward and

17   go to the microphone.  And then I'll ask you to state your name

18   and spell your full name just for the record before you make any

19   statement, just so we can make the record as to who is speaking.

20          MR. JOHN JEMMETT:  My name is John Clifford Jemmett

21   J-O-H-N, C-L-I-F-F-O-R-D, J-E-M-M-E-T-T.

22          THE COURT:  All right.  Go ahead and make any

23   statement you would like.

24          MR. JOHN JEMMETT:  As the parents of the victim in

25   this case, we wanted to come before the Court and just -- just

1    say that we are in a unique position as being both the parents

2    of the victim and the perpetrator.  We wanted to express our

3    commitment to taking care of the victim, making sure that he

4    gets the support that he needs; but that we also wanted to say

5    that -- that we hold no animosity, and we know that this is a

6    tough case, and we think that Andrew has the ability to be

7    gentle and kind.

8         We have taught him to the best of our ability to take

9    responsibility for his actions, taught him how to make up for

10   what he has done wrong, and we continue to support our whole

11   family through this process.

12        And we'd just ask that consideration be given due to

13   his age, that he has shown remorse, and that we no longer --

14   that we do not hold any anger or animosity through this process.

15   And we would like to just show our support for our family.

16        That's what I have to say.

17        THE COURT:  Thank you, Mr. Jemmett.

18        MR. SHIRTS:  That would be all, Your Honor, from us.

19        THE COURT:  All right.  Thank you.

20        And, Counsel, just so we're clear, if you'd just

21   remain seated so that -- and stay close to the microphone.  With

22   these masks on, your voice is quite muffled, and it's hard to

23   hear if you don't stay very close to the microphone.

24        Mr. and Mrs. Jemmett, I wanted to -- before I go

25   further, I guess, express my sympathy to you.  I -- this has to

1    be extremely difficult for you, and I think your coming forward

2    and being willing to struggle to find your way through these

3    obviously very competing, challenging emotions that you're

4    having right now, I -- sometimes in a courtroom, we get caught

5    up in addressing things very much in the abstract, and we lose

6    sight of the fact that we're human beings, and we have to deal

7    with some sometimes almost incredibly difficult challenges.

8         But I think the way we deal with those is probably the

9    best indicator of the kind of people we are.  And I just wanted

10   to compliment you for the comments you made and for your

11   willingness to be here at what had to be a most difficult time

12   and a most difficult situation for you and your family.

13        So now I'm going to move on, and we will be talking

14   about other things.  But I did not want the moment to pass

15   without having a chance to offer that to you.

16        All right.  Now, before accepting the defendant's plea

17   of guilty, Mr. Jemmett, I'm going to have you placed under oath

18   and ask you a number of questions to ensure that your plea is

19   valid.

20        I'm not going to ask you to stand.  But if you'll

21   raise your right hand, Ms. Gearhart will place you under oath.

22      (Defendant sworn.)

23        THE COURT:  Mr. Jemmett, do you understand that,

24   having been placed under oath, that if you do not answer my

25   questions truthfully, you could be prosecuted for perjury?

1          THE DEFENDANT:  Yes.

2          THE COURT:  All right.  And you need to answer audibly

3      so the court reporter can take down your response.

4          I'm going to ask you some personal questions; they are

5      not intended to pry but simply to establish whether or not you

6      are competent.

7          First, could you tell me how old you are.

8          THE DEFENDANT:  I'm 20.

9          THE COURT:  And how far did you go in school?

10         THE DEFENDANT:  I had a year of college.

11         THE COURT:  Okay.  So you're able to read, write, and

12     understand the English language without difficulty?

13         THE DEFENDANT:  Yes.

14         THE COURT:  Have you taken any drugs, medicine, or

15     pills, including prescribed medication, or consumed any alcohol

16     in the last two days?

17         THE DEFENDANT:  No.

18         THE COURT:  Can you tell me what you intend to do

19     today concerning the charges against you?

20         THE DEFENDANT:  I'm going to accept a plea -- plea

21     bargain.

22         THE COURT:  All right.  And pursuant to the plea

23     bargain, what are you going to do here?

24         THE DEFENDANT:  I'm going to plead guilty.

25         THE COURT:  All right.  Mr. Wheat, do you have any

1        doubt as to your client's competence?

2                    MR. WHEAT:  No, Your Honor.

3                    THE COURT:  All right.  I will find that Mr. Jemmett

4        is competent to enter a plea today.

5                    Have you had adequate time to discuss your case with

6        your attorney?

7                    THE DEFENDANT:  Yes, I have.

8                    THE COURT:  Are you satisfied with the representation

9        that has been provided?

10                   THE DEFENDANT:  Yes, I am.

11                   THE COURT:  Have you discussed the sentencing

12       guidelines with your attorney?

13                   THE DEFENDANT:  Yes.

14                   THE COURT:  Now, I'm going to go over how the

15       guidelines work, and I'll just want you to confirm that that is

16       consistent with your understanding.

17                   Under the guidelines, the Court will establish an

18       offense level -- well, let me make it a little more

19       straightforward.

20                   The Court will establish two numbers.  The first is

21       called an offense level, and that's intended to reflect the

22       seriousness of the offense committed.  And then the second

23       number is a criminal history category, which is intended to

24       reflect your prior criminal record.

25                   The offense level and the criminal history category

1    will then be used to determine an advisory guideline range.

2         Do you understand this?

3         THE DEFENDANT:  Yes.

4         THE COURT:  In determining the offense level, I will

5    take into account what is called "relevant conduct."  And that's

6    basically all facts related to your criminal conduct, and it may

7    include matters not directly charged by the government in the

8    crime to which you are pleading guilty.

9         Do you understand?

10         THE DEFENDANT:  Yes.

11         THE COURT:  Now, once the guidelines -- the guideline

12    range has been established, the Court is not required to impose

13    a sentence within the guidelines.  There is really two means by

14    which the Court can impose a sentence that is not within the

15    guideline range.

16         The first is called a departure or a guidelines

17    departure.  And that's based upon language within the guidelines

18    themselves that provide that if your case is extraordinary or

19    unusual in particular ways, the Court can grant a formal

20    guideline departure reflecting that fact.

21         Do you understand this?

22         THE DEFENDANT:  Yes, I do.

23         THE COURT:  Now, in addition, as I noted, the

24    guidelines are only advisory.  The Court is only required to

25    consider them, along with other statutory factors, in arriving

1    at a reasonable sentence.

2             If the Court decides just that the guidelines don't

3    fit the crime, the Court can impose a sentence outside the

4    guideline range, either above or below the guideline range.  And

5    this is called a variance from the guidelines.

6             Do you understand?

7             THE DEFENDANT:  Yes.

8             THE COURT:  Now, even though the guidelines are not

9    binding in any way upon the Court, we know statistically that

10   most sentences still fall within or near the guideline range.

11            Do you understand?

12            THE DEFENDANT:  Yes.

13            THE COURT:  In federal court, there is no parole.

14   Now, that means that if imprisonment is ordered in your case,

15   you will serve the entire sentence ordered by the Court.  The

16   only reduction is what's called "good-time credit," in which

17   case, you can receive one-sixth of the sentence or up to

18   one-sixth of the sentence reduced because of your exemplary

19   behavior while incarcerated.

20            Do you understand?

21            THE DEFENDANT:  Yes.

22            THE COURT:  I'm now going to explain to you the rights

23   given to all criminal defendants.  And I want you to listen

24   very, very carefully.  If you have any questions, you need to

25   let me know, because I will stop and take whatever time is

1   necessary to ensure that you fully understand these rights.

2          I take this time because these rights will be waived

3   or given up when you plead guilty, so you need to understand the

4   consequences of pleading guilty.

5          First, I would tell you that you have the right to

6   maintain your plea of not guilty and proceed to a trial by jury

7   on the charges contained in the indictment.

8          At that trial, you would be presumed to be innocent,

9   and the government would be required to prove you guilty by

10  competent evidence and beyond a reasonable doubt before you

11  could be found guilty.  You would never have to prove your

12  innocence.

13         Do you understand?

14         THE DEFENDANT:  Yes, I do.

15         THE COURT:  You would also have the right to be

16  represented by counsel at trial.  And if you could not afford to

17  retain counsel, Mr. Wheat would continue to represent you as

18  your court-appointed attorney.

19         If you wish to call witnesses, Mr. Wheat can arrange

20  for that, and the cost and the process involved in ensuring

21  their attendance at any court proceeding would be paid for you.

22         At trial, the government would be required to present

23  witnesses who must testify under oath in your presence and

24  subject to cross-examination by Mr. Wheat.  Mr. Wheat could also

25  object to any evidence offered by the government and could offer

1    evidence on your behalf.

2              Do you understand?

3              THE DEFENDANT:  Yes.

4              THE COURT:  At trial, you would have the right to

5    testify if you chose to do so, but you also would have the right

6    not to testify.

7              Should you choose not to testify, the jury would be

8    instructed that they must not and cannot draw any inference or

9    even a suggestion of guilt from the fact that you did not

10   testify.

11             You are protected by a privilege against

12   self-incrimination.  That privilege is waived when you plead

13   guilty, simply because you will be required to acknowledge your

14   guilt.

15             If you are convicted following a trial, you would have

16   the right to appeal that conviction and to have an attorney

17   appointed to represent you on appeal.

18             Do you understand?

19             THE DEFENDANT:  Yes.

20             THE COURT:  Do you have any questions about any of

21   these rights that I have described for you here this afternoon?

22             THE DEFENDANT:  No, Your Honor.

23             THE COURT:  If you plead guilty, you will waive your

24   right to a trial and the other rights that I've just described

25   for you, there will be no trial, and I will sentence you on the

1      basis of your guilty plea.

2              Do you understand?

3              THE DEFENDANT:  I understand.

4              THE COURT:  Do you still wish to plead guilty and

5      waive these rights?

6              THE DEFENDANT:  Yes.

7              THE COURT:  Have you received a copy of the

8      indictment?

9              THE DEFENDANT:  Yes, I have.

10             THE COURT:  Have you read it?

11             THE DEFENDANT:  Yes.

12             THE COURT:  Have you gone over the charges with your

13     attorney?

14             THE DEFENDANT:  Yeah.

15             THE COURT:  Do you feel you understand the charges?

16             THE DEFENDANT:  Yes, I do.

17             THE COURT:  Now, the maximum penalty under the

18     indictment is 30 years' imprisonment followed by a term of

19     supervised release of at least 5 years and up to life, a fine of

20     up to $250,000; plus, there is a mandatory special assessment of

21     $5,100.

22             Do you understand?

23             THE DEFENDANT:  Yes, I do.

24             THE COURT:  Do you understand that there is a

25     mandatory minimum sentence of 15 years?

1         THE DEFENDANT:  Yes.

2         THE COURT:  And that means exactly that:  That the

3    Court has no discretion; that it has to impose a sentence of at

4    least that length.

5         Do you understand?

6         THE DEFENDANT:  Yes.

7         THE COURT:  Do you understand that the sentence

8    imposed in this case may run consecutive to any sentence which

9    has been or may yet be imposed in any other federal or state

10   criminal case?

11        THE DEFENDANT:  Yes.

12        THE COURT:  Since the maximum sentence is more than

13   25 years, I'm prohibited from granting a sentence of probation.

14        Do you understand?

15        THE DEFENDANT:  Yes.

16        THE COURT:  Do you understand that you may be required

17   to pay restitution to the victim in this case?

18        THE DEFENDANT:  I do.

19        THE COURT:  Do you understand that the plea

20   agreement -- excuse me -- the indictment included a forfeiture

21   count; and that pursuant to the plea agreement, you are agreeing

22   to forfeit the property identified in the plea agreement to the

23   government?

24        THE DEFENDANT:  Yes, I do.

25        THE COURT:  Do you understand that you will be

1      required to register as a sex offender under the Sex Offender

2      Registration and Notification Act and will be required to keep

3      the registration current in each of the applicable jurisdictions

4      and comply with each of the applicable jurisdictions'

5      requirements?

6              Do you understand that?

7              THE DEFENDANT:  Yes.

8              THE COURT:  Do you understand that failure to comply

9      with these obligations may subject you to prosecution for, among

10     other things, failure to register under federal law and failure

11     to register under state law and may be a violation of your

12     supervised release?

13             Do you understand?

14             THE DEFENDANT:  Yes, I do.

15             THE COURT:  Do you understand that you are pleading

16     guilty to a felony offense?

17             THE DEFENDANT:  Yes.

18             THE COURT:  As such, you will be deprived of certain

19     rights or civil rights, including the right to vote, the right

20     to hold public office, the right to serve on a jury, and the

21     right to possess any kind of firearm.

22             THE DEFENDANT:  Yes, I understand.

23             THE COURT:  Do you -- and I would also note that,

24     unlike a state court conviction, a conviction in federal court

25     means that that loss of civil rights is really in many ways

1    permanent, and it's very difficult to have those rights

2    reinstated.

3            Do you understand?

4            THE DEFENDANT:  I understand.

5            THE COURT:  Now, after you serve whatever sentence of

6    incarceration that the Court may impose, you will be placed on

7    supervised release for a term of up to life and not less than

8    5 years.

9            During that period of time, you will be required to

10   comply with conditions imposed by the Court and by the probation

11   office.  Your failure to comply with those conditions will

12   result in your being sentenced to a further term of

13   incarceration.

14           Do you understand?

15           THE DEFENDANT:  I understand.

16           THE COURT:  Mr. Wheat, would you -- I'm sorry.

17           Mr. Shirts, would you set forth the elements of the

18   offense and what the evidence would show if this matter were to

19   proceed to trial.

20           MR. SHIRTS:  Yes, Your Honor.

21           The elements of the crime of sexual exploitation of a

22   minor child, as charged in Count 1, are as follows:

23           First, at the time, John Doe 1 was under the age of 18

24   years; second, the defendant employed -- employed, used,

25   persuaded, induced, enticed, and coerced John Doe 1 to take part

1    in sexually explicit conduct for the purpose of producing a

2    visual depiction of such conduct; and third, the visual

3    depiction was produced using materials that had been mailed,

4    shipped, or transported across state lines or in foreign

5    commerce.

6             The defendant admits the following facts are true:

7             In January 2020, the defendant, Andrew John Jemmett,

8    was arrested for possession of child pornography in Las Vegas,

9    Nevada.  The arrest stemmed from the defendant's significant

10   other finding child pornography on the defendant's Apple iPhone

11   Max Pro 11, serial number FCHZP0KHN- -- I apologize.

12            THE COURT:  A little slower, if you would.

13            MR. SHIRTS:  Yeah.  FCHZP0KHN70J.

14            Later investigation determined that the defendant

15   produced this child pornography with an 8-year-old minor,

16   John Doe 1.  The defendant produced the child pornography on

17   April 8, 2019, while located in Idaho.

18            The defendant used John Doe 1, who was known to him,

19   to create videos that he sold online on at least one occasion

20   for $150.

21            The videos were produced in a public restroom in

22   Pocatello, Idaho.  The defendant is in the videos with his face

23   reflected in a mirror.  During the videos, the defendant is seen

24   anally and orally raping a prepubescent nude male child, later

25   determined to be John Doe 1.

        The defendant used the Snapchat application to share
the videos with another individual.  This individual then paid
the defendant, via PayPal, after the videos were received.

        Law enforcement interviewed the defendant after his
arrest.  After waiving his Miranda rights, the defendant
admitted to producing the videos and sending them to another
user for money.

        The defendant admits at the time he produced the
videos, John Doe 1 was under the age of 18 years.  The defendant
further admits that he employed, used, persuaded, and coerced
John Doe 1 to take part in sexually explicit conduct for the
purpose of producing a visual depiction of such conduct.

        Lastly, the defendant admits that the visual depiction
was produced using materials, specifically a cellular phone,
that had been mailed, shipped, or transported across state lines
or in interstate or foreign commerce.

            THE COURT:  Thank you, Mr. Shirts.

            Mr. Jemmett, do you agree with Mr. Shirts's summary of
what you did?

            THE DEFENDANT:  Yes.

            THE COURT:  Okay.  Is there anything that Mr. Shirts
described that you disagree with?

            THE DEFENDANT:  No.

            THE COURT:  This is your chance, if there is anything
you want to clarify.  I want to make sure you have that chance.

1    I sometimes require the defendant to state in their own words

2    what they did; but in this case, I won't require it.  But I want

3    just a confirmation from you that you agree with everything that

4    Mr. Shirts said and do not dispute in any way his description of

5    the events giving rise to these charges.

6              THE DEFENDANT:  I don't.

7              THE COURT:  Okay.  All right.  I said that as a

8    compound question, so I want to make it clear.  I apologize for

9    not stating that question very well.

10             But, again, you agree with everything he said; is that

11   correct?

12             THE DEFENDANT:  Yes.

13             THE COURT:  And you don't dispute anything he said; is

14   that correct?

15             THE DEFENDANT:  No -- or, yes, it is correct.

16             THE COURT:  All right.  Do you agree that the victim

17   was under the age of 18 years?

18             THE DEFENDANT:  Yes.

19             THE COURT:  And that you caused him -- either

20   employed, used, persuaded, induced, enticed, or coerced him to

21   take part in sexually explicit conduct for the purpose of

22   producing a visual depiction of that conduct; is that correct?

23             THE DEFENDANT:  Yes.

24             THE COURT:  And that you did so using materials that

25   had been shipped in interstate or foreign commerce?

THE DEFENDANT:  Yes.

THE COURT:  All right.  Mr. Shirts, are you satisfied with Mr. Jemmett's allocution?

MR. SHIRTS:  Yes, Your Honor.

THE COURT:  Mr. Jemmett, has anyone threatened you or anyone else or forced you in any way to plead guilty?

THE DEFENDANT:  No.

THE COURT:  Now you signed a plea agreement with the government.

Do you have a copy there?

THE DEFENDANT:  Yea.

THE COURT:  I'd like you to look at the second-to-last page at the bottom; it's page 16.  There is a signature on the signature line.

Is that your signature?

THE DEFENDANT:  Yes.

THE COURT:  And did you sign this on October 7, 2020, as indicated?

THE DEFENDANT:  Yes, I did.

THE COURT:  Now, prior to signing the plea agreement, did you read it in its entirety?

THE DEFENDANT:  Yes, I did.

THE COURT:  And did you go over each provision of the plea agreement with Mr. Wheat before you signed it?

THE DEFENDANT:  I did.

1          THE COURT:  And did he answer any questions you may
2     have had?

3          THE DEFENDANT:  He has.

4          THE COURT:  Are you -- are you satisfied that you
5     fully understood each provision of the plea agreement before you
6     signed it?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Do you understand that the plea agreement
9     included a provision in which you waived or gave up your rights
10    to appeal your conviction or sentence and to pursue habeas
11    corpus relief?

12         THE DEFENDANT:  Yes.

13         THE COURT:  Has anyone made any promise, other than
14    those made in the plea agreement, that caused you to plead
15    guilty?

16         THE DEFENDANT:  No.

17         THE COURT:  Now, the plea agreement you signed
18    contains two important provisions.  The first calls for the
19    government to not initiate prosecution or file charges against
20    you related to the facts of Count 1 of the indictment -- excuse
21    me -- including charges not pursued as a result of the plea
22    agreement.

23         If you plead guilty today, I will examine the
24    presentence report and decide whether or not to accept the plea
25    agreement.  I am required not to accept the plea agreement if I

1    feel it does not adequately address the totality of your

2    criminal conduct.

3            But if I reject the plea agreement -- in which case,

4    the government would be free to file additional charges -- I

5    will notify you of this at the time of sentencing and give you

6    the opportunity to withdraw your plea of guilty.

7            Do you understand?

8            THE DEFENDANT:  Yes.

9            THE COURT:  The second provision calls for the

10   government to make certain recommendations -- I apologize.  The

11   second provision calls for the government to make certain

12   recommendations on your behalf at the time of sentencing.

13           However, the Court is not required to accept the

14   government's recommendation.  I may reject it, and I may impose

15   a longer sentence than that recommended by the government.

16           Likewise, as we have already discussed, the Court has

17   the authority to depart or vary from the guidelines and impose a

18   sentence that is longer than that called for by the guidelines.

19           You will not have the opportunity to withdraw your

20   plea even if the sentence is longer than the government

21   recommends and longer than the sentence called for by the

22   guidelines.

23           Do you understand?

24           THE DEFENDANT:  Yes.

25           THE COURT:  Has anyone made any promise to you as to

1       what your sentence will be?

2                    THE DEFENDANT:  No.

3                    THE COURT:  Do you understand that while your attorney

4       may have used his experience to predict what sentence you might

5       receive, any such prediction is nothing more than your

6       attorney's best guess as to what sentence you might receive and

7       is in no way binding upon the Court?

8                    THE DEFENDANT:  I understand that.

9                    THE COURT:  Mr. Wheat, are you satisfied that

10      Mr. Jemmett's plea of guilty would be knowledgeable and

11      voluntary?

12                   MR. WHEAT:  Yes, Your Honor.

13                   THE COURT:  All right.  Mr. Jemmett, I will ask you to

14      now state your plea to Count 1 as charged in the indictment.

15                   What is your plea?

16                   THE DEFENDANT:  I'm pleading guilty.

17                   THE COURT:  I'm going to find that your plea of guilty

18      to Count 1 of the indictment is a knowing and voluntary plea

19      supported by an independent basis in fact, containing all of the

20      essential elements of the offense charged.

21                   I will accept your plea and enter a judgment of guilty

22      as to the crime charged in Count 1 of the indictment but will

23      take under advisement the decision whether to accept the terms

24      of the plea agreement pending my review of the presentence

25      report.

1          I will order a presentence investigation report at

2    this time.  The initial draft will be prepared by the probation

3    office and given to counsel by January 19, 2021.

4          Counsel will have two weeks, or until February 2,

5    2021, to state their objections to the initial presentence

6    report.

7          The probation officer will respond to any objections

8    and file both a final presentence report and an addendum showing

9    the probation officer's response to objections by February 15,

10   2021.  And the sentencing will be scheduled for March 1, 2021,

11   at 11:00 a.m.

12         Counsel, I would remind you that any sentencing

13   materials that you want the Court to consider -- including 5K1

14   motions, sentencing memoranda, letters in support, or victim

15   statements -- need to be submitted at least one week before the

16   sentencing date.

17         Does the government seek to detain the defendant prior

18   to sentencing?

19         MR. SHIRTS:  Yes, Your Honor.

20         THE COURT:  Mr. Wheat, do you wish to be heard?

21         MR. WHEAT:  No, Your Honor.

22         THE COURT:  All right.  Mr. Jemmett, I will remand you

23   back to the custody of the marshals service.  Given the nature

24   of the charges and the mandatory minimum sentence, I think it

25   would be difficult to find circumstances where you could be

1    released pending sentencing in this matter, but I will assure

2    you that it is my practice to recommend to the Bureau of Prisons

3    that you receive credit for all time while awaiting trial and

4    sentencing.

5              All right.  Ms. Gearhart, did I overlook anything?

6              THE CLERK:  No, Your Honor.

7              THE COURT:  Anything else, Counsel?

8              MR. SHIRTS:  No, Your Honor.

9              MR. WHEAT:  No, Your Honor.  Thank you.

10             THE COURT:  All right.  If there is nothing else,

11   then, we will be in recess.

12         (Proceedings concluded at 3:04 p.m.)

13

14

15

16

17

18

19

20

21

22

23

24

25

1                          REPORTER'S CERTIFICATE

2

3

4            I, TAMARA I. HOHENLEITNER, CSR, RPR, CRR, certify that

5       the foregoing is a correct transcript of proceedings in the

6       above-entitled matter.

7

8

9

10

11

12

13

14      /s/  Tamara I. Hohenleitner              4/7/2021

15      _____         _____
        TAMARA I. HOHENLEITNER, CSR, RPR, CRR    Date

16

17

18

19

20

21

22

23

24

25